[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13761

Non-Argument Calendar

_____

KRISTA ROSENBERG, M.D.,

　　　　　　　　　　　　　　　　　　Plaintiff-Appellee,

*versus*

RELIANCE STANDARD LIFE INSURANCE COMPANY,

　　　　　　　　　　　　　　　　　　Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-81495-DMM

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Reliance Standard Life Insurance Co. ("Reliance") appeals the district court's grant of Krista Rosenberg's motion for summary judgment in this Employee Retirement Income Security Act ("ERISA") case. On appeal, Reliance argues that the district court erred when it disregarded the plain language of the Policy and held that Reliance had abused its discretion when it denied Rosenberg's claims for benefits.[1]

Because we write only for the parties, we include only those facts necessary to understand this opinion. Briefly, Rosenberg was part of a practice ("Retina Group") that provided disability insurance through Reliance. The practice paid her via payments made to her Chapter S corporation. When she developed a permanent and total disability, she filed for benefits with Reliance. Reliance, however, denied her claim because her income was paid to her corporation and not to her directly, asserting that did not fit the definition found in the Policy. The Policy defined "Covered Monthly Earnings" as "compensation from the partnership averaged over . . . 36 months . . . as reported on the partnership federal income tax return as 'self-employment earnings (loss)' per Schedule K1,

---

[1] Reliance also challenges the district court's alternative decision in granting Rosenberg's motion for summary judgment on the basis of her alternative claim for reformation of the Policy due to breach of fiduciary duty. For the reasons discussed below, we need not address this alternative issue.

Federal Form 1065 (box 14)." Reliance denied Rosenberg's claim, stating that "in review of the Schedule K1, for each of the 3 years, there is no reported income in Box 14 as self-employment earnings (loss)." Because the partnership was actually distributing Rosenberg's compensation from the partnership to her closely held pass-through corporation, rather than to her directly, Reliance determined that there were no eligible earnings upon which to base a benefit in accordance with the plan and thus she was not entitled to disability benefits.

The district court rejected Reliance's decision. Under the first step in ERISA analysis under *Blankenship v. Metro Life Insurance Co.*, 644 F.3d 1350 (11th Cir. 2011), the district court found the claim administrator's benefits-denial wrong. Doc. 44 at 10. The court found that Reliance's reading of the contract was "entirely devoid of context and borders on the absurd." *Id.* It noted that Reliance admitted Rosenberg was an employee (and thus an insured under the Policy) and that Retina Group paid her. It pointed out there is no evidence that Retina Group paid Rosenberg's corporation for any purpose other than to fulfill its contractual obligations to pay compensation to Rosenberg under the Employment and Partnership Agreements. It also recounted Reliance's attempt to find a way to retroactively accommodate her claim by amending the definition of covered monthly earnings, which the court stated showed that Reliance knew its interpretation was untenable. *Id.* at 11. Under step two of the *Blankenship* test, the court noted that the parties did not dispute that Reliance was vested with discretion in reviewing claims. Then it turned to step three, which measures whether

the decision is arbitrary and capricious, and stated the decision was "nonsensical and thus arbitrary and capricious." *Id.* at 12.

"We 'review de novo a district court's ruling affirming or reversing a plan administrator's ERISA benefits decision, applying the same legal standards that governed the district court's decision." *Alexandra H. v. Oxford Health Ins. Inc. Freedom Access Plan*, 833 F.3d 1299, 1306 (11th Cir. 2016) (quoting *Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1354 (11th Cir. 2011)). We also review de novo a district court's grant of summary judgment. *Id.* Summary judgment is appropriate where there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. Rule 56(a).

A plan participant or beneficiary may bring a civil action under § 1132 of ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA itself provides "no guidance as to how courts should interpret provisions of an employee welfare benefits plan, [but] it is well established that federal courts 'have the authority to develop a body of federal common law' to govern the interpretation and enforcement of benefit plans in ERISA cases." *Alexandra H.*, 833 F.3d at 1306 (quoting *Tippitt v. Reliance Standard Life Ins. Co.*, 457 F.3d 1227, 1234–35 (11th Cir. 2006).

Courts must examine whether the proposed rule would further ERISA's scheme and goals when deciding whether to adopt a rule. *Id.* at 1307 (citing *Dixon v. Life Ins. Co. Of N. Am.*, 389 F.3d 1179,

1183 (11th Cir. 2004)). "ERISA has two central goals: (1) protection of the interests of employees and their beneficiaries in employee benefit plans; and (2) uniformity in the administration of employee benefit plans." *Horton v. Reliance Standard Life Ins. Co.*, 141 F.3d 1038, 1041 (11th Cir. 1998) (internal citations omitted). Further, federal courts often use state law as a model due to the states' more extensive experience in interpreting insurance contracts and resolving coverage disputes. *Id.* "Traditional contract-interpretation principles make contract interpretation a question of law, decided by reading the words of a contract in the context of the entire contract and construing the contract to effectuate the parties' intent." *Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098, 1104 (11th Cir. 2014). Reading the contract in the context of the entire contract would further the goals and scheme of ERISA to provide uniformity and also to protect the interests of employees from absurd results.

Here, it is clear that the interpretation of Reliance is de novo wrong, and that it is arbitrary. Reliance has construed certain language of the Policy—i.e. the indication of the usual location on the Federal tax form (box 14 per Schedule K1, Federal Form 1065) of a partner's compensation from a partnership—in isolation from the context of the Policy language as a whole. In construing the indication of the usual location on the Federal tax form of a partner's compensation from the partnership as the sole and dispositive extent of the compensation intended to be the measure for determining benefits, the Reliance interpretation is clearly inconsistent with the language of the Policy as a whole and its intent. The language and intent of the Policy is clear: to provide "income replacement

benefits for Total Disability from Sickness or Injury." *See* Policy, Doc. 28-1 at 1 ("This Policy provides income replacement benefits for Total Disability from Sickness or Injury."). The monthly benefit is measured by "60% of the Covered Monthly Earnings." *Id.* at 7. The several definitions of "Covered Monthly Earnings" with respect to the several classes of insureds entitled to benefits under the Policy all boil down to compensation received as earnings from the insured entity: for example, adjusted salary (with respect to an employee) or monthly compensation excluding dividends, capital gains and return of capital (with respect to a person not a partner receiving earnings from a partnership). *Id.* at 9. Even with respect to a partner, as Rosenberg is in this case: "Covered Monthly Earnings" means the Insured's "compensation from the partnership averaged over . . . 36 months." *Id.* Compensation from the partnership" has the common sense meaning of the actual earnings of the insured. Thus, Reliance's interpretation limiting the relevant figure to an amount reported in box 14 of Form 1065 is inconsistent with the common sense meaning of "Compensation from the partnership" even considering only the sentence describing a partner's "Covered Monthly Earnings."

The interpretation of Reliance not only fails to reflect the only reasonable meaning in light of the context and the language of the Policy as a whole, we agree with the district court that Reliance's interpretation places form over substance and borders on the absurd. As noted by the district court, under Reliance's interpretation, if the IRS changed box 14 of Form 1065 to another number, then no insured could be eligible for benefits notwithstanding they

23-13761                Opinion of the Court                7

did receive "compensation from the partnership."  As the district court also noted, all of the partners were compensated in the same fashion—i.e. their "compensation from the partnership" was paid to all of the partners' closely held pass-through corporations; thus, under Reliance's interpretation, premiums were paid for 8 years with no possible eligible beneficiaries.

Looking at the language of the entire Policy, it is clear that Reliance's interpretation would undermine the intent of the parties as revealed by the context and language of the Policy as a whole. We agree with the district court's resolution; i.e. we agree that the only reasonable interpretation of the Policy is that Rosenberg's "Covered Monthly Earnings" includes her "compensation from the partnership" notwithstanding the fact that it took the form of payments to her closely held pass-through corporation. We agree with the district court that Reliance cannot deny benefits to Rosenberg solely on the basis that she has no "Covered Monthly Earnings" because her compensation from the partnership was paid to her closely held pass-through corporation rather than paid directly to her.  Accordingly, we affirm the judgment of the district court without the necessity of addressing the alternate theory for affirmance urged by Rosenberg.[2]

---

[2] The district court also agreed with Rosenberg's alternative claim for policy reformation due to breach of fiduciary duty.  Because we have affirmed the district court's judgment on the grounds discussed in the text, it is unnecessary for us to address Rosenberg's alternative claim for policy reformation.

8                           Opinion of the Court                    23-13761

For the foregoing reasons the judgment of the district court is affirmed and the case is remanded for further proceedings not inconsistent with this opinion.

AFFIRMED.